UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION



| GLORY WEALTH SHIPPING PTE LTD |
| -against- |
| INDUSTRIAL CARRIERS, INC., VISTA SHIPPING INC., and FREIGHT BULK PTE LTD., |
| Defendants |

2:13cv704

13 CV _____

**VERIFIED COMPLAINT**

Plaintiff, Glory Wealth Shipping Pte Ltd., ("**Glory Wealth**"), by and through its attorneys, Holland & Knight LLP, for its verified complaint and request for maritime attachment order pursuant to Rule B of the Supplemental Admiralty and Maritime Rules of the Federal Rules of Civil Procedure, against Industrial Carriers, Inc. ("**ICI**"), Vista Shipping Inc. ("**Vista**") and Freight Bulk Pte Ltd. ("**Freight Bulk**") (collectively, "**Defendants**"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, Glory Wealth is and was a business entity organized and existing under the laws of Singapore having an address at 9 Temasek Boulevard 07-00, Suntec City Tower 2, Singapore 038989, Singapore.

3. At all times material herein, Flame S.A. ("**Flame**") S.A. is and was a business entity organized and existing under the laws of Switzerland, with an office and principal place of

business in Switzerland. Flame is also registered with the New York Secretary of State as a foreign business corporation.

4. At all times material herein, defendant ICI is, and was, a foreign corporation or business entity organized and existing under the laws of the Marshall Islands and upon information and belief at all material times herein, maintained a principal place of business in Ukraine.

5. Defendant Vista was and now is a business entity organized and existing under the laws of a foreign country.

6. Defendant Freight Bulk was and now is a business entity organized and existing under the laws of a foreign country.

7. Vista and Freight Bulk are the beneficial and registered owners, respectively, of the M/V CAPE VIEWER. The M/V CAPE VIEWER is now within the District of Virginia and has been attached pursuant to the order of maritime attachment obtained by Flame in the 13 CV 00658.

8. Prior to its purported Bankruptcy, and in the face of creditor claims in excess of $100 million, ICI, directly and indirectly, fraudulently and unlawfully transferred its business, assets, operations, personnel, contacts, know-how, good will, ongoing charters and business relationships and other valuable property from ICI to its fraudulently and wrongfully established affiliates, subsidiaries and connected entities, including but not limited to Defendants Vista and Freight Bulk. Defendants Vista and Freight Bulk therefore maintain their wrongful existence and assets at the expense of ICI's just creditors and are therefore alter-ego's, successors-in-interest and fraudulent transferees with respect to ICI.

9. Glory Wealth is one of ICI's creditors. It maintains a maritime claim against ICI for breach of a charter party. Actions arising from breach of charter parties indisputably fall within this Court's admiralty subject matter jurisdiction.

10. As set forth in greater detail below, Glory Wealth has pursued its claim against ICI in arbitration in London, pursuant to the terms of the relevant charter party, and has obtained a duly rendered award against ICI in the amount of $38,528,759.18, plus interest (the "**Award**"). A true and correct copy of the Award is attached as Exhibit 1 to the accompanying Affidavit of James H. Power dated December 17, 2013 ("**Power Affidavit**").

11. As alter-egos and/or successors-in-interest and/or fraudulent transferees with respect to ICI, Defendants Vista and Freight Bulk are liable to Glory Wealth.

12. Glory Wealth respectfully seeks an order of maritime attachment as against the property of Vista and Freight Bulk in this judicial district, *to wit*, the M/V CAPE VIEWER and any freight or hire payable to Vista and/or Freight Bulk from currently unknown entities within this district in connection with the M/V CAPE VIEWER's carriage of coal from this judicial district to an unknown location.

## GLORY WEALTH'S CLAIM AGAINST ICI

13. On or about June 5, 2008, ICI time chartered from Glory Wealth the vessel M/V MINERAL CAPEASIA for a period of 12-13 months via fixture recap pursuant to the New York Produce Exchange Form with Rider Clauses (collectively the "**Charter**").

14. Glory Wealth, as owner, and Industrial, as charterer, entered into a time charter agreement.

15. Under the terms of the Charter, the daily charter hire rate required to be paid by ICI to Glory Wealth was $183,000 per day payable 15 days in advance. ICI failed to pay the 4th installment of hire which became due on 17 August 2008, or any other payment due under the Charter, while simultaneously placing Glory Wealth in the untenable position of being forced to perform the voyages or be liable to the relevant cargo owners and sub-charterers.

16. Glory Wealth commenced arbitration in London pursuant to clause 45 of the Charter. ICI failed to respond to the duly served arbitration demands or appoint an arbitrator despite multiple requests from Glory Wealth and the arbitrator to do so. Under the circumstances, the London Arbitration Panel determined to resolve the matter with ICI in *absentia*, and issued the lengthy and reasoned Award, dated October 29, 2009.

17. The Award sets forth the particulars of Glory Wealth's claim, the nature of its damages, and the legal bases for the arbitrators' decision in considerable detail. The Award grants Glory Wealth its claim for outstanding hire in the amount of $3,715,482.18, with interest compounded quarterly from October 2008 at the rate of 4.75%, and $34,813,271.00 in damages, with interest compounded quarterly from March, 2009 at the rate of 4.75%.

18. With respect to the unpaid hire interest has accrued to $1,011,709.82. With respect to the damages, interest has accrued to $6,842,309.91. As such, ICI is currently liable to Glory Wealth in the amount of $46,382,772.91.

## GLORY WEALTH'S CLAIMS AGAINST VISTA AND FREIGHT BULK

19. So as to avoid unnecessary repetition Glory Wealth incorporates paragraphs 42-54 of the Verified Complaint filed by Flame in the matter 13 CV 00658 [D.E.1] ("**Flame Complaint**") as if fully set forth herein.

20. Glory Wealth has carefully and independently reviewed the allegations and in particular, the "BDO Report" exhibited to the Flame Complaint. Its conclusions are obvious and self-evident.

21. As more fully set forth in a previous security action filed in the Southern District of New York by Glory Wealth, captioned, *Glory Wealth v. Industrial Carriers et al*, 08 Civ.8425 (RJH) (the "**New York Action**"), Glory Wealth has previously made the same allegations and had the same experience as did Flame with respect to ICI's former fraudulent subsidiaries and owners, Weaver Investments, Inc., ITRO Corporation, Blue Coast Navigation SA, Diamant Co. Ltd., Sergey Baransky, and Vladimir Tarasov. Also to avoid unnecessary repetition, Glory Wealth's amended complaint in the New York action is attached hereto as Exhibit 2.

22. As a result of ICI's practice of fraudulently diverting payments and contracts to its subsidiaries, ICI was severely undercapitalized relative to its obligations.

23. ICI filed for bankruptcy shortly after it entered the Charter with Glory Wealth, evincing a fraudulent intent to collect charter and/or freight hire from its customers while failing to pay Glory Wealth.

24. As more fully set forth in the New York action, as well as the various pleadings in this matter, the entities within the "ICI group," including but not limited to Defendants routinely disregard corporate form and do not deal with the other members of the group absent an arm's-

5

length relationship. The Defendants possess, transfer and/or hold funds of, or for the benefit of, one another, and make and receive payments for, and on behalf of, the other Defendants, pooling the resources without regard to corporate separateness, and without entering into an arm's-length negotiated contract to provide such services.

25. On June 24, 2008, Vista was incorporated in the British Virgin Islands to receive fraudulent asset transfers from ICI. ICI wrongfully utilized its subsidiaries, including Defendants to create a sophisticated web of shell companies by which to divert, and then re-divert cash and receivables that should have been within the ICI estate for the benefit of its myriad creditors, including Glory Wealth. The receivables, cash, contracts, know how, relationships and assets were ultimately diverted to Vista and Freight Bulk's benefit and use, and ultimately utilized to purchase the M/V CAPE VIEWER without a mortgage. Ultimately, all of the wrongful diversions of assets of ICI were fraudulent as to Glory Wealth. Accordingly, it is equitable and justified pursuant to the venerable body of United States maritime law, to pierce the corporate veil of all of the beneficiaries of these transfers, particularly Defendants, and hold these alter-egos liable for ICI's debts.

26. As noted in the pleadings herein and in the New York Action, the Defendants have common ownership and managerial control. Defendants ICI, Vista, and Freight Bulk are commonly controlled, beneficially owned and managed by Viktor Baranskiy, Vladimir Yudaev, Michael Ivanov, Vladimir Ivanov and Daniel Su. Viktor Baranskiy, in particular, is a controlling shareholder, director and/or officer - or has some other ability to control - every Defendant. Viktor Baranskiy directly or indirectly owns the Defendants, in whole or in part, and ultimately exercises complete dominion and control over all the Defendants, whether or not he owns a controlling share in any particular Defendant. Michael Ivanov is a director and/or officer in the

chartering department of defendants ICI, Vista, and Freight Bulk. Vladimir Ivanov is a director and/or officer in the operations department of defendants ICI, Vista, and Freight Bulk. Vladimir Yudaev is a director and/or officer in the operations department of ICI and a shareholder and director and/or officer in the chartering department of Vista and Freight Bulk.

27. Vessels owned and operated by Viktor Baranskiy, Vladimir Yudaev, Michael Ivanov, Vladimir Ivanov and Daniel Su, whether under the name ICI, Vista or Freight Bulk employ subsidiaries of ICI, Vista or Freight Bulk, namely, Tech Projects, MKTM Ltd. and Columbus to manage their respective vessel. Tech Projects, MKTM Ltd and Columbus employ the same key employees as defendants ICI, Vista, and Freight Bulk. Further, MKTM shares the same address as ICI/Baranskiy. Moreover, Freight Bulk is owned by Viktor Baranskiy and Vista. Vista, in turn, is beneficially controlled or otherwise operated by Viktor Baranskiy, who was a shareholder in ICI and, together with his father, owned 51% of ICI in 2008. Upon information and belief, Freight Bulk makes no independent business decisions controlling its asset, the M/V CAPE VIEWER. All such decisions are made by Viktor Baranskiy, Vladimir Yudaev, Michael Ivanov, Vladimir Ivanov and Daniel Su.

28. The first ship purchased by Vista was the V EUROPE in January 2010. Thereafter the V KERKIS was purchased in July 2010. Three further vessels were purchased in 2010, V AUSTRALIA, FATHER S and the PHOENIX. Thereafter, the CAPE MELBOURNE was purchased in 2011 with a further five (5) vessels in 2012, including the CAPE VIEWER. On December 18, 2012, the M/V CAPE VIEWER was bought by Vista, under the name of Freight Bulk, unencumbered by a mortgage. Buying a vessel unencumbered, i.e., without a mortgage, is not simply rare in the shipping industry, it's virtually unheard of. So far as the Plaintiff can establish from information available to it, all of the vessels named above were purchased without

a mortgage. The M/V CAPE VIEWER is listed as part of Vista's fleet on its website. Freight Bulk, an alter ego of Vista, is listed as the Registered Owner of the M/V CAPE VIEWER. Vista is the beneficial owner of the M/V CAPE VIEWER, being operated, managed, controlled and manipulated by Viktor Baranskiy, Vladimir Yudaev, Michael Ivanov, Vladimir Ivanov and Daniel Su as if they directly owned the vessel without regard to corporate form.

29. Defendants are not found within the Eastern District of Virginia but do have assets, goods or chattels within the jurisdiction, to wit: the vessel CAPE VIEWER and receivables in connection with the CAPE VIEWER'S Carriage of coal.

**WHEREFORE**, Glory Wealth Shipping Pte Ltd., prays:

1. That a order of maritime attachment and garnishment may issue against the Defendants; and if Defendants cannot be found, then that their goods, chattels and credits within the district, and particularly the vessel CAPE VIEWER and receivables in connection with the CAPE VIEWER'S Carriage of coal may be attached in an amount sufficient to answer Glory Wealth's claim;

2. That Defendants, and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of Glory Wealth Shipping Pte Ltd. against Industrial Carriers, Inc. in the amount of $46,382,772.91; and,

4. That this Court grant Glory Wealth Shipping Pte Ltd. such other and further relief which it may deem just and proper.

Dated: New York, New York
December 18, 2013

BY: Holland & Knight LLP

Michelle Hess (VSB# 71080)
1600 Tysons Blvd, Suite 700
Mclean, VA 22102
(703) 720-8600
(703) 720-8610 (facsimile)
michelle.hess@hklaw.com

and

31 West 52nd Street,
New York, NY 10019
212-513-3200
212-385-9010 (facsimile)

*Attorneys for Intervening Plaintiff
Glory Wealth Shipping Pte Ltd.*